No. 106,184

STATE OF KANSAS, *Appellee*, v. RICHARD G. JACKSON, *Appellant*.

(298 P.3d 344)

Opinion filed April 12, 2013.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Richard Jackson appeals the district court's imposition of sentences totaling 310 months for his Jessica's Law convictions for rape and aggravated criminal sodomy. We hold Jackson's sentences are illegal because they were not determined in accordance with required statutory procedures. So we vacate his sentences and remand for resentencing.

## FACTS

Twenty-six-year-old Richard Jackson was charged under K.S.A. 21-3502(a)(2) and (c) with two counts of the off-grid person felony of rape (sexual intercourse with a child under 14 years old). He was additionally charged under K.S.A. 21-3506(a)(1) and (c) with two counts of the off-grid person felony of aggravated criminal sodomy (sodomy with a child under 14 years of age). Per Jessica's Law, the prescribed sentence for both off-grid offenses is imprisonment "for life with a mandatory minimum term of imprisonment of not less than 25 years." K.S.A. 21-4643(a)(1)(B) and (D).

The State dropped one count of each offense in return for Jackson's guilty pleas on the remaining two counts. The State also recommended that the district court depart to the Kansas Sentencing Guidelines Act's grid (K.S.A. 21-4704) from the hard 25 mandatory minimum sentence. The plea agreement provided:

"Defendant will plead guilty to Counts I and III as charged, to run consecutively. The State will dismiss all remaining counts and recommend a departure to the Grid. No other departures may be requested."

With an agreed-upon departure to the grid, for sentencing purposes only the parties appeared to agree to reduce the off-grid offenses to on-grid offenses. The on-grid offenses of rape and aggravated criminal sodomy are both severity level 1 person felonies. At the time Jackson pled, the parties apparently believed that his criminal history score was I. Per K.S.A. 21-4704, the grid block presumptive sentencing range for a severity level 1 person felony with that criminal history score is 147-165 months. But Jackson's later presentence investigation report showed he also had seven scored nonperson misdemeanor convictions for traffic violations. So his criminal history score actually worsened from I to H, which in turn increased his grid block presumptive sentencing range to 166-186 months per K.S.A. 21-4704.

The discussion at the later sentencing hearing suggests the parties intended for Jackson to receive departure sentences totaling 310 months—two consecutive sentences of 155-months each (for on-grid rape and aggravated criminal sodomy).

THE COURT: ". . . [I]t would appear from his criminal history that we would establish his criminal history score as I; is that correct, or—

[Prosecutor]: "Judge, I think his criminal history score would technically be H, because he does have a couple of scoreable misdemeanors, so I would ask his criminal history be found as H, but Judge, nonetheless, *the State will be recommending to the Court that you follow the plea agreement and make a small downward durational departure to comport with the 310 months we contemplated in the plea negotiation*." (Emphasis added.)

For the rape count, the district court sentenced Jackson to 166 months, the low number in the grid block presumptive sentencing range for a severity level 1 offense and criminal history H. For the aggravated criminal sodomy count, the court sentenced him to 144 months—a number that does not appear in the grid block presumptive sentencing range for a severity level 1 offense with either a criminal history score of H or I. The court did impose the sentences consecutively resulting in 310 months of incarceration.

Jackson now directly appeals his sentences invoking our jurisdiction under K.S.A. 22-3601(b).

## ANALYSIS

*Issue 1: The district court did not follow statutory authority to impose the departure sentences.*

Jackson argues that for his rape conviction, the district court should have granted him a departure from the grid block sentencing range and imposed a 144-month sentence instead of one for 166 months (the low number in the grid block for a severity level I offense and criminal history H).

### Standard of Review

The decision whether to depart from a sentence lies within the discretion of the sentencing court. See *State v. Ortega-Cadelan*, 287 Kan. 157, Syl. ¶ 5, 194 P.3d 1195 (2008). To the extent this issue requires interpretation of sentencing statutes, this court exercises unlimited review. *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 (2009).

*Discussion*

We discussed the sentencing departure process for Jessica's Law cases in *State v. Jolly*, 291 Kan. 842, 249 P.3d 421 (2011), and *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011). We noted that under K.S.A. 21-4643(d), a district court may depart to the sentencing grid from the mandatory minimum of a hard 25 sentence provided in K.S.A. 21-4643(a). See, *e.g.*, *Jolly*, 291 Kan. at 846 (citing *State v. Gracey*, 288 Kan. 252, 259, 200 P.3d 1275 [2009]). We held a sentencing court that departs under K.S.A. 21-4643(d) to the sentencing grid should first move to the grid block appropriate to both the defendant's criminal history and "the severity level assigned to the crime when it lacks the element of disparity between the defendant's and the victim's ages." *Spencer*, 291 Kan. at 827. See K.S.A. 21-4703(l) (" 'grid block' means a box on the grid formed by the intersection of the crime severity ranking of a current crime of conviction and an offender's criminal history classification").

Once the sentencing court departs from the hard 25 to the applicable grid block, the court may then depart further under the applicable provisions of K.S.A. 21-4701 *et seq.*, the Kansas Sentencing Guidelines Act (KSGA). *Spencer*, 291 Kan. at 847; *Ballard*, 289 Kan. at 1008-09 (" 'once sentencing has shifted to the sentencing guidelines, nothing precludes the district court from granting a departure, either dispositional or durational' "). But as we have cautioned: "[T]he requirements of neither the first step into the guidelines nor the second step away from the presumptive guidelines sentence can be ignored, and all departure procedures must be followed." *Jolly*, 291 Kan. at 847; see *Ballard*, 289 Kan. at 1005 (" 'presumptive sentence' " is the " 'sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history,' " quoting K.S.A. 21-4703[q]).

Here the district court simply did not follow the required statutory departure procedures. K.S.A. 21-4643(d) requires that "the judge shall state on the record at the time of sentencing the sub-

stantial and compelling reasons for the departure" from the hard 25 sentence prescribed by Jessica's Law. But the judge did not provide any such reasons for the sentencing departures from the hard 25 for either offense: 166 months for the rape or 144 months for the aggravated sodomy. After hearing Jackson speak, the judge merely stated:

"THE COURT: All right. Thank you. For Count 1, an off-grid felony, Defendant is hereby sentenced to 166 months of incarceration.

[Mr. Sexton:] Your Honor? 56? 66.

THE COURT: 166. That's the low level for an H—166 months of incarceration with the Secretary of Corrections. For Count 2, an off-grid felony, Defendant [is] hereby sentenced to 144 months of incarceration with the Secretary of Corrections. Those sentences are to run consecutive to each other. Defendant is to have a life post-release supervision. Defendant's application for probation is denied."

Additionally, after departing from the hard 25 to the KSGA grid, the district court did not follow the required statutory departure procedures when it then imposed the 144-month sentence for the aggravated sodomy count. For the grid block composed of this severity level 1 felony and an H criminal history, the presumptive sentencing range is 166-186 months. Accordingly, the 144-month sentence was a downward departure. See *Ballard*, 289 Kan. at 1005 (" 'departure' " is " 'a sentence which is inconsistent with the presumptive sentence for an offender,' " quoting K.S.A. 21-4703[f]). And contrary to K.S.A. 21-4716(a) and 21-4718(a)(4), the district court did not state on the record the substantial and compelling reasons for the departure or make findings of fact regarding them. See K.S.A. 21-4716(a) (district court must state on the record the substantial and compelling reasons for a departure); K.S.A. 21-4718(a)(4) (district court must make findings of facts for departure sentence). So just as we stated in *Jolly*: "Accordingly, we must conclude the court's departure was not performed according to either Jessica's Law or the KSGA." 291 Kan. at 847.

All told, while the district court appeared to be adopting the parties' recommendations for Jackson's incarceration to total 310 months, the departure sentences of 144 months and 166 months do not comply with the required statutory procedures. And a sentence that does not comply with required statutory procedures is

an illegal sentence. See *Jolly*, 291 Kan. at 847 (quoting *Ballard*, 289 Kan. at 1010 [An illegal sentence is " ' " 'a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized.' " ' "]).

But neither party argues that Jackson's 310-month sentences are illegal. Instead, Jackson simply requests an additional departure from 166 months to 144 months for his rape count—to match his sentence for the aggravated criminal sodomy count. The State merely responds that the sentence of 166 months was not an abuse of the sentencing judge's discretion.

We recently dealt with a similar situation in *State v. Gilliland*, 294 Kan. 519, 276 P.3d 165 (2012). In that Jessica's Law case, the district court denied Gilliland's departure motion and imposed a 586-month sentence. Gilliland challenged the court's denial, but a review of the record did not explain the nature of his sentence. We were unable to determine if the sentence was a 586-month sentence or a life sentence with a mandatory minimum of 586 months. So we concluded the sentence was illegal because it did not comply with statutory provision and then *sua sponte* vacated the sentence. We stated:

"This leaves us in an unusual situation. The State did not object to the sentencing court's procedure and did not cross-appeal and argue there was a departure without accompanied findings. Yet, we cannot sensibly talk about Gilliland's contention that the sentencing court erred when it failed to grant a departure motion when, in effect, it appears the court departed. We conclude under these unusual circumstances—where the sentence is ambiguous because it is contrary to the law and to the explicit finding of the sentencing court—we must vacate the illegal sentence and remand for resentencing. See *State v. Anthony*, 273 Kan. 726, 730, 45 P.3d 852 (2002) (finding appellate court has authority pursuant to K.S.A. 22-3504 to *sua sponte* correct an illegal sentence and remand for imposition of corrected sentence)." *Gilliland*, 294 Kan. at 552.

See also *Jolly*, 291 Kan. at 847 (vacating sentence because sentencing court failed to comply with K.S.A. 21-4643[d] departure requirements); *State v. Garcia*, 274 Kan. 708, 716-17, 56 P.3d 797 (2002) (vacating for failure to comply with K.S.A. 2001 Supp. 21-4704a[k] departure requirements); *State v. Whitesell*, 270 Kan. 259, 294, 13 P.3d 887 (2000) (vacating for failure to comply with K.S.A. 1999 Supp. 21-4716[a] departure requirements).

Accordingly, we vacate Jackson's departure sentence as illegal and remand for resentencing.

*Issue 2: The State is not required to prove Jackson's criminal history score to a jury beyond a reasonable doubt.*

Finally, Jackson contends that the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it sentenced him to an increased sentence, based upon his criminal history, without requiring that the State prove his criminal history to a jury beyond a reasonable doubt. He cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Jackson acknowledges this contention has been previously rejected but presents it to preserve appellate review. See, *e.g.*, *State v. Chavez*, 292 Kan. 464, 471, 254 P.3d 539 (2011); *State v. Baker*, 287 Kan. 345, 371, 197 P.3d 421 (2008); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We continue to reject this contention.

Sentences are vacated and the case is remanded for resentencing.

\* \* \*

ROSEN, J., concurring: I agree with the majority's well-reasoned conclusion finding that Jackson's sentence is illegal because it was not determined in accordance with required statutory procedures. I write separately to emphasize that the cause of the confusion that resulted in this appeal—the lack of an accurate criminal history determination prior to the entry of the plea—and the necessity to vacate the sentence and remand for resentencing were completely avoidable. I will not dwell on the point; I will simply refer to my concurring opinion in *State v. Garcia*, 295 Kan. 53, 64, 283 P.3d 165 (2012), and reiterate that, consistent with Kansas law and the heightened constitutional protections demanded in criminal proceedings, we should require a predetermined, accurate criminal history which is to be used at any subsequent sentencing hearing to be part of plea agreements. Not only does this give Jackson and similarly situated defendants the knowledge necessary to effectuate a knowing, voluntary, and intelligent waiver of the right to trial, it

recognizes the significance that criminal history plays in the sentencing scheme and completely avoids the problems associated with the criminal history crapshoot currently employed in most plea proceedings. We simply should not continue to legitimize a plea negotiation process that undermines the presumption of fairness and dignity that serves to protect our liberty interests.

JOHNSON, J., joins in the foregoing concurring opinion.