NOT DESIGNATED FOR PUBLICATION

No. 114,194

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant/Cross-appellee*,

v.

DEREK HORTON,
*Appellee/Cross-appellant.*

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion on remand filed December 15, 2017. Affirmed.

*Stephen P. Jones*, deputy county attorney, *Hillary McKinney*, county attorney, and *Derek Schmidt*, attorney general, for appellant/cross-appellee.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee/cross-appellant.

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

PER CURIAM: This case returns to this court with directions for reconsideration of our decision dismissing Derek Horton's cross-appeal, where he claimed that the sentencing court erred in not imposing a downward *durational* departure sentence. In light of our Supreme Court's opinion in *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014), where the court ruled that all departure sentences are subject to appeal unless appellate jurisdiction is divested by a more specific provision of law, our order dismissing the cross-appeal has been rightly vacated by the Supreme Court. Accordingly, we turn to the merits of the cross-appeal.

1

The parties are well aware of the facts of this case, and we need not repeat them here. Instead, we will proceed with our analysis of Horton's cross-appeal. The court sentenced Horton to 41 months in prison. Horton requested a downward durational departure to a term between 18 and 24 months. In granting the dispositional departure, the court found the following mitigating factors existed:

- Horton was young and immature at the time of the offense, but he had matured since that time;
- he lacked any criminal history;
- he took responsibility for his actions;
- he expressed genuine remorse;
- he had strong family support; and
- public safety would not be compromised with probation.

In this appeal, Horton contends the same mitigating factors apply and compel a durational departure sentence.

The decision whether to depart from a sentence lies within the discretion of the sentencing court. *State v. Jackson*, 297 Kan. 110, 112, 298 P.3d 344 (2013). A judicial action constitutes an abuse of discretion if

- no reasonable person would take the view adopted by the trial court;
- the action is based on an error of law; or
- the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Here, the district court clearly explained why it denied Horton's motion for a downward durational departure:

2

"[W]hen I consider the totality of everything I've heard, the letters, the evidence, I find substantial and compelling reasons to grant the defendant's motion for a dispositional departure. . . .

"I'm denying, however, Mr. Horton, your motion for a downward durational departure. If you can't keep your life on track, on a positive track, if you can't comply with the conditions of probation that I'm about to impose upon you, I see no reason to shorten your sentence."

Our question becomes: Did the sentencing court abuse its discretion by granting one type of a departure sentence and not the other?

The district court clearly explained its reasoning for denying Horton's request for a durational departure. Obviously, the court thought that Horton would benefit from the rigors of a set of probation conditions designed to rehabilitate, such as speaking to high school classes about the dangers and tragedy caused by drinking and driving. But if probation proved ineffective, the court saw no reason to shorten Horton's sentence in the event that he was sent to prison.

The record reflects the musings of an experienced trial judge weighing the tragic consequences of teenaged drinking and driving. This sentencing record exhibits justice in the making; a consideration and assessment of facts, law, and society by a judge balancing the competing interests of the prosecution and the defendant. The court expressed leniency in disposition of the sentence but not in the duration of the sentence. Some would agree. Some would not.

Since reasonable people could adopt the same view as the district court, while some may not, the district court did not abuse its discretion. See *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 297, 301 P.3d 276 (2013). With no abuse of discretion shown by the cross-appeal, we must affirm.

Affirmed.