NOT DESIGNATED FOR PUBLICATION

No. 116,242

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TED LEE MCVEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed August 4, 2017.
Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*William C. Votypka*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*:  Ted McVey appeals his sentence following his convictions of four felony counts of possession of methamphetamine with intent to distribute and one misdemeanor count of driving under the influence (DUI). The district court imposed a 118-month prison sentence at McVey's initial sentencing hearing but continued the hearing for 2 days to address McVey's motion for dispositional departure. At the continued hearing, the district court denied the departure motion. McVey now argues on appeal that the district court's sentencing procedure resulted in an illegal sentence. For the reasons stated herein, we reject McVey's claim and affirm the district court's judgment.

1

On March 30, 2015, the State charged McVey with three counts of severity level 2 possession of methamphetamine with intent to distribute, one count of severity level 3 possession of methamphetamine with intent to distribute, four counts of using a cell phone to facilitate the commission of a felony, and one count of misdemeanor DUI. On February 3, 2016, pursuant to a plea agreement, McVey pled no contest to three counts of severity level 3 possession of methamphetamine with intent to distribute, one count of severity level 4 possession of methamphetamine with intent to distribute, and one count of misdemeanor DUI.

Prior to sentencing, McVey filed a motion for dispositional departure. The motion asserted that McVey was "amenable to rehabilitation" and had been accepted to an inpatient treatment program. The motion claimed there were substantial and compelling reasons for a dispositional departure and asked the district court to impose probation.

At the sentencing hearing on March 30, 2016, McVey's counsel advised the district court that one of his witnesses regarding McVey's inpatient treatment program was absent due to an unexpected emergency. McVey's attorney asked for a continuance of the hearing to Friday, April 1, 2016, to allow the witness to be present. The district court decided to proceed with sentencing on that day but indicated that it would "delay a decision on whether or not a departure should be granted based upon the testimony that you're wanting to supply." McVey expressed no objection to this procedure.

McVey agreed that his criminal history set forth in the presentence investigation report was accurate. As to the sentence, the State advocated for the standard sentence on each felony count to run consecutively for a controlling term of 118 months in prison and a concurrent 90-day sentence for the DUI. McVey's counsel advocated for "a long controlling sentence," but he requested that McVey "be released to probation." When

2

asked his thoughts on concurrent versus consecutive sentencing, McVey's counsel stated: "He recognizes that—that he's asking for one last chance from the criminal justice system. He thinks it will help him if he's got a long controlling hammer sitting over him. So we're not asking for any—any help as far as concurrent, consecutive. This is as Ted wishes." The district court ultimately imposed the 118-month prison sentence, "subject to a motion for departure that is yet to be heard." The district court concluded the hearing by stating, "We'll continue the remainder of this sentencing until Friday at 9 o' clock."

The continued sentencing hearing occurred on April 1, 2016. McVey presented three witnesses to support his request for a dispositional departure, and the State presented one rebuttal witness. After hearing the evidence and arguments of counsel, the district court denied McVey's motion for a dispositional departure, finding from the evidence that McVey had not fully cooperated with the drug treatment process. The district court concluded its ruling by stating: "The Court will deny your motion for a dispositional departure and order that the sentence previously ordered on Wednesday of 118 months be enforced." McVey did not ask the district court to reconsider the term of the sentence in light of the fact that the request for probation had been denied. McVey timely filed a notice of appeal.

ANALYSIS

On appeal, McVey argues that the "district court's sentencing procedure resulted in an illegal sentence." Specifically, McVey claims the district court failed to comply with K.S.A. 2016 Supp. 21-6802(b) when it failed to rule "upon a departure motion prior to, or contemporaneously with, the imposition of a presumptive sentence." McVey argues that the consideration of the dispositional departure motion after the sentence had been imposed did not give the district court the opportunity to consider a lesser prison sentence when it denied the dispositional departure. McVey requests remand for consideration of "an appropriate durational prison sentence."

3

The State contends that this court lacks jurisdiction to consider McVey's appeal pursuant to K.S.A. 2016 Supp. 21-6820(c)(1) because McVey received a sentence that is "within the presumptive sentence for the crime." The State also argues that the district court's sentencing procedure did not violate K.S.A. 2016 Supp. 21-6802(b) because that statute uses the permissive term "may" in allowing the district court to consider a range of alternative sentences appropriate for each individual case.

McVey did not argue in district court that he received an illegal sentence. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, K.S.A. 22-3504(1) provides that the "court may correct an illegal sentence at any time." As a result of this statutory mandate, a defendant may challenge a sentence as illegal even for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016).

An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the time of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

McVey cites *State v. Jackson*, 297 Kan. 110, 113-14, 298 P.3d 344 (2013), a Jessica's Law case, for the proposition that a district court's failure to follow statutory departure procedures results in an illegal sentence. He goes on to argue that the district court's sentencing procedure did not comply with K.S.A. 2016 Supp. 21-6802(b) because the district court failed to consider his dispositional departure motion contemporaneously with the imposition of sentence. K.S.A. 2016 Supp. 21-6802(b) states as follows:

4

"The sentencing court may consider in all cases a range of alternatives with gradations of supervisory, supportive and custodial facilities at its disposal so as to permit a sentence appropriate for each individual case, consistent with these guidelines and the permitted dispositional and durational departures contained in K.S.A. 2016 Supp. 21-6801 through 21-6824, and amendments thereto."

K.S.A. 2016 Supp. 21-6802(b) allows a district court to consider a range of alternative sentences appropriate for each individual case. McVey argues that the district court violated this statute when it failed to rule on his motion for dispositional departure prior to, or contemporaneously with, the imposition of the sentence. We note with significance that McVey did not object to the district court's procedure of considering the motion for dispositional departure in a separate hearing after the sentence had been imposed. Moreover, the 118-month sentence imposed by the district court was the specific sentence that McVey's counsel asked the district court to impose. Ultimately, McVey received a presumptive sentence for his felony convictions of possession of methamphetamine with intent to distribute. The imposition of consecutive sentences, each within the presumptive sentencing range, does not constitute a sentencing departure. *State v. Miller*, 293 Kan. 535, 582-83, 264 P.3d 461 (2011).

The State argues that the district court did not violate K.S.A. 2016 Supp. 21-6802(b) in sentencing McVey because the statute provides that the sentencing court "may" consider a range of alternative sentences appropriate for each individual case. The State contends that McVey is trying to change "may" to "should." The State is correct that K.S.A. 2016 Supp. 21-6802(b) uses the permissive term "may" in allowing the district court to consider a range of alternative sentences appropriate for each individual case. However, we do not believe that this is the primary reason to reject McVey's claim that the sentencing procedure used by the district court resulted in an illegal sentence.

The precise issue before the court is as follows: Is there any legal reason why the district court could not impose McVey's sentence at the initial sentence hearing and then

5

address his motion for dispositional departure 2 days later at a separate hearing when the sentencing was completed? As the State points out, there is no language in K.S.A. 2016 Supp. 21-6802(b) that requires the district court to rule upon a departure motion prior to, or contemporaneously with, the imposition of a presumptive sentence. Likewise, there is no language in K.S.A. 2016 Supp. 21-6817, the statute setting forth the procedure for hearings on departure motions, requiring a sentencing court to consider a motion for dispositional departure prior to, or contemporaneously with, the imposition of a sentence. This statute provides only that the "hearing shall be scheduled so that the parties have adequate time to prepare and present arguments regarding the issues of departure sentencing." K.S.A. 2016 Supp. 21-6817(a)(1).

McVey provides no direct statutory authority supporting his claim that a sentencing court must rule upon a motion for dispositional departure prior to, or contemporarily with, the imposition of a presumptive sentence. Here, although McVey initially asked for a continuance of the sentencing hearing so his witness would be available, he voiced no objection to the district court's proposal to bifurcate the hearing. At the initial sentencing hearing, the district court imposed the 118-month prison sentence, "subject to a motion for departure that is yet to be heard." The district court then "continued the remainder of this sentencing" for 2 days to allow McVey to call his witnesses in support of the motion for dispositional departure. At the continued hearing, after the district court ruled on the departure motion, McVey did not ask the court to reconsider the term of the sentence in light of the fact that the request for probation had been denied. Under these circumstances, we reject McVey's claim that the sentencing procedure used by the district court resulted in an illegal sentence.

Affirmed.

6