NOT DESIGNATED FOR PUBLICATION

Nos. 115,907
115,908

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDDIE LEE CADDELL III,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 8, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

LEBEN, J.: Eddie Lee Caddell III, pled guilty to rape and attempted aggravated sexual battery, charges originally filed as separate cases before being consolidated pursuant to a plea agreement. Caddell appeals his sentence for rape, arguing that a Kansas sentencing statute governing multiple-conviction cases required the district court to disregard his actual criminal-history score and sentence him on his most-serious offense—rape—as if he had no criminal history. That would have significantly lessened his sentence.

1

But the statute at the heart of Caddell's appeal, K.S.A. 2016 Supp. 21-6810(a), applies only when separate charges are made in a single criminal complaint or are joined for trial because they could have been brought in the same complaint. Here, the charges were filed separately and were consolidated for plea purposes, not for trial. So the consolidation didn't turn two criminal complaints into one—Caddell was charged and sentenced for a single conviction in each of his cases, and the district court was required to consider his full criminal history in each. We affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2014, the State charged Caddell with rape and aggravated indecent liberties with a child in case No. 14 CR 1634. Three months later, the State charged him with aggravated criminal sodomy—against a different victim—in case No. 14 CR 2571. As part of a plea agreement, the two cases were consolidated. Under the plea agreement, Caddell pled guilty to rape in case No. 14 CR 1634 and attempted aggravated sexual battery in case No. 14 CR 2571, and the State agreed not to oppose a defense request for a lesser sentence on the rape charge than was called for by statute. Under the Kansas statute known as Jessica's Law, since the rape victim was less than 14 years old, the presumptive sentence would have been life in prison with no chance of parole for 25 years. See K.S.A. 2016 Supp. 21-6627(a)(1).

The district court followed the plea agreement and the State's recommendation and imposed a shorter prison sentence based on the Kansas Sentencing Guidelines grid (which provides sentencing ranges for different crimes based on the severity of the crime and a defendant's criminal-history score). See, e.g., K.S.A. 2016 Supp. 21-6804. The district court sentenced Caddell to 240 months in prison for rape in case No. 14 CR 1634 and to 26 months in prison for aggravated sexual battery in case No. 14 CR 2571. The district court ordered these sentences to run consecutively, or one after the other, for a total of 266 months.

2

Caddell has appealed his sentences to our court.

ANALYSIS

Caddell argues that his sentence for rape should have been based on a criminal-history score of I (the lowest possible score on a scale from I to A) rather than the criminal-history score D that he was given by the district court.

Deciding which criminal-history score should apply requires us to interpret sentencing statutes, which we do independently and without any required deference to the district court's interpretation. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016).

In Kansas, sentences for most crimes are calculated based on a grid created by the intersection of two factors: the severity of the crime and the defendant's criminal-history score. The severity of the crime ranges from 10 (least serious) to 1 (most serious) and is simply set forth in Kansas' criminal statutes. See K.S.A. 2016 Supp. 21-6804(a); see, e.g., K.S.A. 2016 Supp. 21-5503(b)(1) (listing severity levels for different types of rape). The criminal-history score is based on the defendant's number and type of prior crimes and can range from I (having no criminal history or only one misdemeanor) to A (having three or more person felonies). K.S.A. 2016 Supp. 21-6809; K.S.A. 2016 Supp. 21-6804(a). The grid's rows are based on the severity level and the columns are based on the criminal-history score, and each grid box contains three sentence options: a low number (the mitigated sentence), a mid-range number (the standard sentence), and a high number (the aggravated sentence). See, e.g., K.S.A. 2016 Supp. 21-6804(a) (grid for nondrug crimes).

Not every crime has a grid-based sentence, though—some "off-grid" crimes have special sentencing rules. One such crime is rape involving a defendant who is over the

3

age of 18 and a victim who is under the age of 14. K.S.A. 2016 Supp. 21-5503(b)(2). Under Jessica's Law, rather than having a sentence taken from the sentencing grid, the sentence is life in prison without the possibility of parole for 25 years (called a "hard 25"). See K.S.A. 2016 Supp. 21-6627(a)(1).

But a district court has the option to depart from the hard-25, off-grid sentence and impose a shorter sentence—one that's based on the sentencing grid—if it finds substantial and compelling reasons to do so and it's the defendant's first conviction of this kind. See K.S.A. 2016 Supp. 21-6627(d)(1). In this case, in exchange for Caddell's guilty pleas, the State agreed not to oppose a shorter, grid-based sentence on the rape conviction.

As a practical matter, though, how does the court determine the defendant's sentence when it departs to a grid sentence? To get a grid sentence, you must pick one of the boxes on the sentencing grid. The district court uses the grid box that incorporates the defendant's criminal-history score and "'the severity level assigned to the crime when it lacks the element of the disparity between the defendant's and the victim's ages,'" which is what triggers the Jessica's Law life sentence. *State v. Jackson*, 297 Kan. 110, 113, 298 P.3d 344 (2013) (quoting *State v. Spencer*, 291 Kan. 796, 827, 248 P.3d 256 [2011]); see K.S.A. 2016 Supp. 21-6628(d)(1).

In this case, the district court granted the defendant's motion for a departure sentence from the sentencing grid. Caddell pled guilty to rape, which was an off-grid, hard-25 crime because he was over 18 while the victim was 13. See K.S.A. 2016 Supp. 21-5503(a)(3), (b)(2). Since the rape, without the age-disparity requirement, is a severity-level-1 crime, K.S.A. 2016 Supp. 21-5503 (b)(1)(B), the district court calculated Caddell's criminal-history score as D. The grid box where severity-level 1 and criminal-history D intersect provides a sentencing range of 240, 253, or 267 months in prison, and the district court imposed 240 months. See K.S.A. 2016 Supp. 21-6804(a). (The district court could have departed further and imposed an even shorter sentence than the range in

4

this box if it found substantial and compelling reasons to do so. But that's not what happened in this case, and Caddell doesn't argue that it should have. See *Jackson*, 297 Kan. 110, Syl. ¶ 3.)

At this point, we need to explain how Caddell got the D criminal-history score. As we've already explained, those scores range from I (the least serious), where the defendant has at most one misdemeanor conviction, to A (the most serious), where the defendant has at least three person-felony convictions. A single person-felony offense moves the defendant up to category D, and both rape and attempted aggravated indecent liberties are person offenses.

Caddell had no person-felony offenses before committing these 2014 crimes. He was convicted of each offense at the time of his plea, so at the time of sentencing, he had two person-felony convictions. You don't count the conviction for the crime a defendant is being sentenced for, but otherwise all convictions that have occurred before sentencing generally count for purposes of determining the criminal-history score. See K.S.A. 2016 Supp. 21-6810(a); *State v. Riojas*, No. 115,348, 2017 WL 2610671, at *2 (Kan. App. 2017) (unpublished opinion). So the district court counted the rape conviction when sentencing Caddell for attempted aggravated indecent liberties, giving Caddell a criminal-history score of D to compute the presumptive guidelines sentence. And the court counted the attempted aggravated indecent liberties conviction when sentencing Caddell for rape, giving Caddell a criminal-history score of D to compute the potential grid sentence to be substituted for the off-grid life sentence.

Caddell contends that the district court should have used a criminal-history score of I when sentencing him on the rape conviction. His argument is based on a different sentencing statute, K.S.A. 2016 Supp. 21-6819, which explains how to sentence a defendant "in multiple conviction cases." In such a case, the district court must designate one conviction as primary. See K.S.A. 2016 Supp. 21-6819(b)(2). The primary crime is

the crime with the highest severity level, except that—by rule—an off-grid crime can't be the primary offense. K.S.A. 2016 Supp. 21-6819(b)(2). So if this statutory provision for "multiple conviction cases" applies here, the attempted aggravated indecent liberties offense would become the primary offense. For the primary offense, the district court determines the sentence just as we previously described, using the grid box at the intersection of the proper severity level and criminal-history score. See K.S.A. 2016 Supp. 21-6819(b)(2)-(3). So far, so good, as the district court's sentence for the attempted aggravated indecent liberties conviction was based on its severity level (7) and the proper criminal-history score (D).

If Caddell's claim that K.S.A. 2016 Supp. 21-6819 applies is correct, though, the sentence on the rape conviction wouldn't have been correctly scored. When that statute applies, for all convictions in the same case other than the primary offense, the district court calculates the sentences *without* taking into account the criminal-history score. In other words, the sentences for the non-primary crimes are calculated as if the defendant's criminal-history score is I, no matter what his or her score actually is, resulting in shorter sentences for these non-primary crimes. See K.S.A. 2016 Supp. 21-6819(b)(5).

According to Caddell's argument, then, his rape conviction was off-grid, so it couldn't be the primary conviction. See K.S.A. 2016 Supp. 21-6819(b)(2). Thus, the district court should have treated the rape as a non-primary crime in a multiple-conviction case and used a criminal-history score of I to calculate the sentence. In that case, the presumptive on-grid sentence that would have been used when the district court granted this departure would have been much less. The presumptive on-grid rape sentence for a defendant with an I criminal-history score ranges from 147 to 165, while the range for a defendant with a D score ranges from 240 to 267. See K.S.A. 2016 Supp. 21-6804.

6

The trouble with Caddell's argument is that this isn't a multiple-conviction case—so the multiple conviction sentencing rules found in K.S.A. 2016 Supp. 21-6819 don't apply to him.

Our Supreme Court interpreted what was meant by a "multiple conviction case" in this statute in a 1998 case, *State v. Bolin*, 266 Kan. 18, Syl. ¶ 2, 968 P.2d 1104 (1998): "A multiple conviction case is [one] involving sentencing on multiple convictions arising under a single charging document." Although a recodification of our criminal statutes has changed the number of the statute (previously K.S.A. 21-4720 and now K.S.A. 2016 Supp. 21-6819), our Supreme Court determined in *Bolin* that this definition for a "multiple conviction case" applied to all subsections under that statute. 266 Kan. 18, Syl. ¶ 2. See also *State v. McCurry*, 279 Kan. 118, 123-24, 105 P.3d 1247 (2005).

A charging document is just the formal legal document that the State uses to charge someone with a crime. Our case doesn't involve multiple crimes in a single charging document; it involves separate crimes charged under separate charging documents. In case No. 14 CR 1643, the State charged Caddell with rape and aggravated indecent liberties with a child, and in case No. 14 CR 2571, the State charged Caddell with aggravated criminal sodomy. The two charges, made in separate cases, were based on events that took place at different times, in different places, with different victims. They were consolidated, but that didn't make this a "multiple conviction case" so that Caddell's past convictions would be overlooked when sentencing for either of the two offenses. See *McCurry*, 279 Kan. at 126-27. Because K.S.A. 2016 Supp. 21-6819(b) governs only multiple-conviction cases and doesn't apply to Caddell's case, he has not shown that the district court made any error in sentencing him. See *State v. Carter*, No. 109,711, 2014 WL 1363266, at *2 (Kan. App. 2014) (unpublished opinion) (rejecting same argument where defendant pled guilty in separate cases on one day); *State v. Rule*, No. 98,912, 2008 WL 2796552, at *1 (Kan. App. 2008) (unpublished opinion) (same);

*State v. Miller*, No. 89,622, 2004 WL 90049, at *1 (Kan. App. 2004) (unpublished opinion) (same).

We affirm the district court's judgment.