NOT DESIGNATED FOR PUBLICATION

No. 122,182

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD G. JACKSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed September 4, 2020.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: In response to a negotiated plea agreement, Richard G. Jackson pled guilty to one count of off-grid felony rape and one count of off-grid felony aggravated criminal sodomy in 2010. In 2018, Jackson filed several pro se motions alleging his plea counsel and his counsel appointed to represent him on his motion to withdraw his pleas were constitutionally ineffective. The district court construed Jackson's motions as one request for K.S.A. 60-1507 relief and summarily denied his claims. On appeal, Jackson contends the district should have also construed his claims as a request to withdraw his pleas, held an evidentiary hearing, and appointed him counsel.

1

Upon a complete review of the files, records, and briefs, we find Jackson's claims are successive, untimely, and barred by the doctrine of res judicata. We affirm.

FACTS

In 2010, Jackson pled guilty in response to plea negotiations to one count of off-grid felony rape and one count of off-grid felony aggravated criminal sodomy, both Jessica's Law offenses. See K.S.A. 2019 Supp. 21-6627. The victim was 13 years old.

Michael Sexton was appointed to represented Jackson during plea negotiations. The parties reached a plea agreement which called for Jackson to plead guilty as reflected above and, in exchange, the State agreed to dismiss the remaining charges and recommend a departure from Jessica's Law standard sentence of life imprisonment with a mandatory minimum term of imprisonment of not less than 25 years to the applicable grid sentences totaling 310 months' imprisonment. At the plea colloquy, Jackson said he understood the charges against him and his prescribed medications did not affect his ability to understand the pleas he entered. Jackson said he had adequate time to review the plea agreement with Sexton and had no complaints about Sexton's performance. He also assured the district court he was entering his pleas voluntarily. The district court accepted Jackson's pleas and followed the plea agreement by sentencing him to a controlling 310-month prison sentence at a later date.

Jackson directly appealed his sentences to the Kansas Supreme Court. The court found Jackson's sentences were illegal because they failed to conform to the required statutory procedures, vacated his sentences, and remanded for resentencing. *State v. Jackson*, 297 Kan. 110, 116, 298 P.3d 344 (2013).

In May 2013, before Jackson was resentenced, Jackson filed a pro se motion to withdraw his pleas, arguing Sexton's performance was constitutionally ineffective. The

2

district court appointed Michael Nichols to represent Jackson on the motion. Nichols filed a legal memorandum supporting Jackson's motion and alleging Sexton provided constitutionally ineffective counsel because he inadequately explained the State's case to Jackson and failed to independently investigate the case or move to suppress certain statements Jackson made to the police. The record shows the district court held a preliminary hearing on Jackson's motion, during which Sexton testified. But neither the transcript of the hearing nor the district court's journal entry on the motion are in the record on appeal.

On December 13, 2013, Jackson was resentenced to the same controlling 310-month prison sentence. No appeal was taken by Jackson after he was resentenced.

In April 2015, Jackson filed a pro se motion titled, "MOTION FOR EVIDENTIARY HEARING PURSUANT TO STATE V. VAN CLEAVE," and asked for an evidentiary hearing on Sexton's allegedly ineffective assistance as plea counsel. The district court liberally construed Jackson's motion as a request for K.S.A. 60-1507 relief and summarily denied the motion as untimely with no showing of manifest injustice. The district court noted even if Jackson's motion were timely, he failed to show Sexton's performance was constitutionally ineffective. Jackson appealed the district court's ruling but later dismissed the appeal before it was docketed with the Kansas Supreme Court.

In April 2018 and June 2018, Jackson filed the current pro se motions subject to this appeal. Jackson submitted the April motion on the stock form for habeas corpus relief and filed it as a separate civil action. He broadly alleged ineffective assistance of counsel and claimed he could establish manifest injustice to justify his untimely filing because he "was not informed [he] could appeal." He attached to the April motion a document titled, "Pro se Motion to Withdraw Plea Pursuant to K.S.A. 22-3210," and asked to withdraw his pleas based on Sexton's ineffective assistance of counsel. Jackson

3

alleged he was on "mind altering" drugs when he entered his pleas and Sexton was ineffective for failing to request a competency evaluation of him. He further claimed Sexton insisted he plead guilty and inadequately investigated his case. Besides challenging Sexton's performance, Jackson also alleged Nichols' representation of him at the hearing on his motion to withdraw his pleas was ineffective. Jackson conceded in the motion that he "developed a passion" for the victim which "may not be appropriate, but given the age differences it may not amount to more than a non digestible action." In June 2018, Jackson filed the same attachment as a stand-alone motion in his underlying criminal case.

The district court consolidated and liberally construed Jackson's motions as one request for K.S.A. 60-1507 relief. It summarily denied Jackson's claims, finding they were successive with no showing of exceptional circumstances and barred by res judicata.

ANALYSIS

On appeal, Jackson separately analyzes his claims as a K.S.A. 2019 Supp. 60-1507 motion and as a postsentencing motion to withdraw pleas under K.S.A. 2019 Supp. 22-3210(d)(2). He generally argues the district court erred when it construed his claims solely as a request for K.S.A. 60-1507 relief. He also argues no matter how his claims are construed, the district court should have held an evidentiary hearing and appointed him counsel.

Only some of Jackson's claims are proper for a postsentencing motion to withdraw pleas. Jackson alleges his plea counsel and his counsel appointed to represent him on his motion to withdraw his pleas were constitutionally ineffective. Both allegations are the proper subject of a K.S.A. 60-1507 motion, which allows a movant to collaterally attack a conviction based on ineffective assistance of counsel. See K.S.A. 2019 Supp. 60-1507(a).

4

While ineffective assistance of plea counsel is also a relevant factor for a postsentencing motion to withdraw pleas, the plea withdrawal inquiry is unrelated to the effectiveness of counsel at the hearing on a motion to withdraw pleas. *State v. Kelly*, 291 Kan. 868, 871, 248 P.3d 1282 (2011). Thus, only Jackson's allegations against Sexton's representation of him before and during the plea hearing are proper subjects for a motion to withdraw pleas.

But as the State correctly points out, whether Jackson's claims are construed as a motion to withdraw pleas or as a K.S.A. 60-1507 motion ultimately makes no difference. Either way, Jackson's claims are procedurally barred. Thus, we will first review Jackson's claims as the district court considered them—as one request for K.S.A. 60-1507 relief based on ineffective assistance of counsel. Next, we will consider Jackson's allegations against Sexton's performance as a basis to set aside his guilty pleas.

*Standard of Review*

Whether Jackson's motions were brought under K.S.A. 2019 Supp. 60-1507 or K.S.A. 2019 Supp. 22-3210, both motions are treated the same for review purposes. See *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018) ("'When a motion to withdraw a plea is summarily denied without argument and additional evidence, this court applies the same procedures and standards of review as in cases arising out of K.S.A. 60-1507.'"). When the district court summarily denies either motion without argument or additional evidence, as the district court did here, we have unlimited review. Like the district court, we must determine whether the motion, files, and records of the case conclusively show Jackson is not entitled to relief. See *Sherwood v. State*, 310 Kan. 93, 99, 444 P.3d 966 (2019).

If the motions, files, and records of the case conclusively show Jackson is not entitled to relief, there is no requirement for a hearing to be held or for counsel to be

5

appointed. See *State v. Laughlin*, 310 Kan. 119, 123, 444 P.3d 910 (2019) (motion to withdraw plea); *Stewart v. State*, 310 Kan. 39, 49, 444 P.3d 955 (2019) (K.S.A. 60-1507 motion).

*No exceptional circumstances support Jackson's successive claims.*

A district court is not required to entertain a second or successive K.S.A. 60-1507 motion for similar relief on behalf of the same movant. K.S.A. 2019 Supp. 60-1507(c); see Supreme Court Rule 183(d) (2020 Kan. S. Ct. R. 223). In 2015, Jackson filed a pro se motion the district court construed as a request for K.S.A. 60-1507 relief. Now, to avoid the dismissal of his current claims as an abuse of remedy under K.S.A. 2019 Supp. 60-1507(c), Jackson must establish exceptional circumstances warrant consideration of his underlying claims. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018); *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (K.S.A. 60-1507 movant "'is presumed to have listed all grounds for relief and a subsequent motion need not be considered in the absence of [a showing of] circumstances justifying the original failure to list a ground.'"). The Kansas Supreme Court has defined exceptional circumstances as "'unusual events or intervening changes in the law that prevented the [movant from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" *Beauclair*, 308 Kan. at 304.

Here, Jackson suggests Sexton's ineffective assistance of counsel excuses the successiveness of his current claims. For an ineffective assistance of counsel claim to qualify as an exceptional circumstance, the movant must establish counsel's performance was an intervening event explaining the movant's failure to address the issue in a prior K.S.A. 60-1507 motion. See *Dawson v. State*, 310 Kan. 26, 37, 444 P.3d 974 (2019). Sexton represented Jackson before and during his plea hearing in 2010. Jackson filed his first K.S.A. 60-1507 motion in 2015. So, Sexton's performance was not an intervening event explaining the omission of Jackson's current claims from his first K.S.A. 60-1507 motion. In fact, Jackson's first K.S.A. 60-1507 motion alleged Sexton provided

6

ineffective assistance of counsel. While Jackson's supporting arguments in his current motions may differ, we find Jackson still seeks successive consideration of the same issue. See *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019) (finding movant's second K.S.A. 60-1507 motion successive despite different supporting arguments because both motions alleged ineffective assistance of direct appeal counsel).

Even if Jackson's allegations against Sexton's performance are unique enough to be considered new, he has failed to designate facts in the record to support his claim. Jackson's 2013 motion to withdraw his pleas challenged the constitutional effectiveness of Sexton's counsel. Although the motion itself is in the record, Jackson failed to include the transcript and journal entry from the district court's hearing on the motion. So, we cannot ascertain what the parties ultimately argued before the district court or the district court's exact basis for denying the motion. As the party claiming error, Jackson has the burden to designate facts in the record that support his claim; without such a record, his claim of error fails. See *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018). Thus, even if we were to find Jackson raises issues about Sexton's performance he could not have raised in a prior motion, we are barred from reviewing them.

Jackson also alleges Nichols' representation of him at the hearing on his motion to withdraw his pleas in 2013 was constitutionally ineffective. Again, Jackson could have raised this issue in his previous K.S.A. 60-1507 motion. Nichols' allegedly ineffective representation of Jackson is therefore not an exceptional circumstance. See *Thuko*, 310 Kan. at 84. And, in any event, because Jackson has failed to include a transcript of the hearing on his motion to withdraw his pleas in the record, we cannot review Nichols' representation of him at the hearing on appeal. See *Miller*, 308 Kan. at 1157.

Jackson fails to establish exceptional circumstances warrant consideration of his successive claims.

*No manifest injustice established to support Jackson's untimely motion.*

A K.S.A. 60-1507 motion must be brought within one year of the termination of the last appellate court's jurisdiction. K.S.A. 2019 Supp. 60-1507(f)(1)(A). Here, Jackson was resentenced on December 13, 2013, and he did not appeal. So he had until December 27, 2014, to file a K.S.A. 60-1507 motion. See K.S.A. 2019 Supp. 22-3608(c) (providing 14 days to perfect appeal after district court's judgment); *Baker v. State*, 297 Kan. 486, Syl., 303 P.3d 675 (2013) (holding "the 1-year time limitation for bringing an action under K.S.A. 60-1507 begins to run after the period for taking a direct appeal from the [resentencing] expires."). Jackson filed his current motions more than four years after the time for him to appeal from his resentencing expired. On appeal, Jackson concedes his claims were filed after the one-year deadline.

The deadline for filing a K.S.A. 60-1507 motion can be extended only to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). In considering whether manifest injustice compels us to consider his untimely motion, we only consider the movant's reasons for failing to timely file or the movant's claims of actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A).

Here, Jackson does not claim actual innocence; in fact, he reaffirms his guilt. He alleges he "developed a passion" for the victim which "may not be appropriate, but given the age differences it may not amount to more than a non digestible action." Nor does Jackson present a valid claim based on his reasons for an untimely filing. He claims he can establish manifest injustice because he was "not informed that [he] could appeal." Even assuming Jackson's allegation relates to his reasons for failing to timely file, it is conclusory and lacks evidentiary support. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (movant's arguments must be more than conclusory to avoid summary denial of K.S.A. 60-1507 motion). Jackson fails to establish manifest injustice excuses the untimeliness of his K.S.A. 60-1507 motion.

*Even if Jackson's claims are considered as a postsentencing request to withdraw his guilty pleas, they are still procedurally barred.*

Jackson also argues the district court erred in construing his claims only as a request for K.S.A. 60-1507 relief. To support his argument, he cites *State v. Kelly*, 291 Kan. 563, 244 P.3d 639 (2010).

In *Kelly*, the defendant titled his pro se motion, "'Motion to Withdraw Plea and to Correct Illegal Sentence and to Vacate Sentence.'" The substance of Kelly's motion alleged his counsel was constitutionally ineffective but solely in the context of plea negotiations. The district court considered Kelly's claims as a K.S.A. 60-1507 motion and, because the motion was filed outside the one-year time limit for K.S.A. 60-1507 relief, summarily denied Kelly's claims as untimely. The Kansas Supreme Court found the substance of Kelly's claims sought to withdraw his plea and the district court's construction was error. 291 Kan. at 566. The court noted Kelly's motion to withdraw plea was timely because it was filed before the Legislature imposed the one-year time limit for moving to withdraw a plea under K.S.A. 2009 Supp. 22-3210(e). 291 Kan. at 565-66. The *Kelly* court reversed and remanded to the district court for it to consider the merits of the defendant's claims. 291 Kan. at 567.

Like *Kelly*, most of Jackson's claims challenge the constitutional effectiveness of Sexton's counsel solely in the context of plea negotiations. Otherwise, this case is distinguishable. Jackson specifically asked for an evidentiary hearing on his request to withdraw his pleas. Jackson also challenges the effectiveness of Nichols' counsel at his plea withdrawal hearing—which is the proper subject for a K.S.A. 60-1507 motion. And Jackson argues he can establish manifest injustice to justify his untimely request for K.S.A. 60-1507 relief. See K.S.A. 2019 Supp. 60-1507(f)(1)-(2). Most importantly, unlike *Kelly*, Jackson's claims are still untimely when considered as a request to withdraw his pleas.

Like a K.S.A. 60-1507 motion, a postsentence motion to withdraw pleas must be brought within one year of the termination of the last appellate court's jurisdiction. K.S.A. 2019 Supp. 22-3210(e)(1). The one-year time limit may be extended only if the defendant can establish excusable neglect. K.S.A. 2019 Supp. 22-3210(e)(2). Our court has defined excusable neglect as "'"some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney."'" *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229, 444 P.3d 362 (2019), *rev. denied* 311 Kan. ___ (February 27, 2020).

On appeal, Jackson concedes he did not establish excusable neglect in his motions, nor does the record support such a finding. Although Jackson claims he can establish excusable neglect on appeal, his failure to address the issue before the district court is controlling. Similar to the manifest injustice exception to the one-year time limit for filing a K.S.A. 60-1507 motion, whether a defendant moving to withdraw a plea can show excusable neglect for his or her failure to timely file the motion "must be raised in the motion itself or at least presented to the district court or it will not be considered on appeal." *Wilkerson v. State*, 38 Kan. App. 2d 732, 734, 171 P.3d 671 (2007); see *State v. Williams*, 311 Kan. 88, 92, 456 P.3d 540 (2020) (issues not raised before district court cannot be raised on appeal).

Even if Jackson could establish excusable neglect, the doctrine of res judicata prevents Jackson from relitigating his plea withdrawal claim through his current motions. See *Woods v. State*, 52 Kan. App. 2d 958, 964, 379 P.3d 1134 (2016).

> "'In Kansas, there are four requirements to apply res judicata: (1) identity in the
> thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to
> the action; and (4) identity in the quality of persons for or against whom [the] claim is
> made. In other words, "(1) same claim; (2) same parties; (3) claims were or could have
> been raised; and (4) a final judgment on the merits." [Citations omitted.]'" *Bogguess v.
> State*, 306 Kan. 574, 580, 395 P.3d 447 (2017).

Here, all four requirements of res judicata are met. There is no dispute Jackson's 2013 motion to withdraw pleas involved the same parties—Jackson and the State. Jackson's 2013 motion asked the district court to withdraw his pleas based on Sexton's alleged ineffective assistance of counsel. Jackson does not dispute he received a decision on the merits of his 2013 motion, and all of Jackson's current claims could have been raised in 2013. Jackson did not appeal the district court's ruling, and it became a final ruling on the plea withdrawal issue. Since Jackson's current motion seeks to withdraw his pleas, his claims are barred by res judicata. See *Kelly*, 291 Kan. at 874-75 (finding denial of prior motion to withdraw plea res judicata as to successive motion to withdraw plea).

Whether we consider Jackson's claims as a K.S.A. 60-1507 motion or as a postsentencing motion to withdraw pleas under K.S.A. 2019 Supp. 22-3210(d)(2), his claims are procedurally barred. The district court did not err when it found the motions, files, and records of the case conclusively show Jackson is not entitled to relief. The district court did not err in summarily denying Jackson's motions since no evidentiary hearing on Jackson's claims was required, nor was the appointment of counsel necessary.

Affirmed.