NOT DESIGNATED FOR PUBLICATION

No. 127,323

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD G. JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Opinion filed October 11, 2024.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Richard G. Jackson appeals the district court's denial of his motion
to correct an illegal sentence. We granted Jackson's motion for summary disposition
under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48) in lieu of briefs. The State
did not file a response.

On appeal, Jackson makes three arguments. First, Jackson alleges that a nunc pro
tunc journal entry rendered his sentence illegal. Second, Jackson alleges that his criminal
history score of H was incorrect because three of the misdemeanors scored should have
been class C misdemeanors, making his criminal history score I. Third, Jackson alleges
that the 2009 offense of aggravated criminal sodomy was a severity level 2 or 3, not the

1

severity level 1 to which he was sentenced. After reviewing the record, we find no error and affirm.

## JACKSON PLED GUILTY AND WAS SENTENCED

Jackson was originally sentenced in 2010 to a controlling term of 310 months after pleading guilty to two Jessica's Law offenses—rape and aggravated criminal sodomy with a victim under the age of 14—for crimes committed in 2009. At sentencing, Jackson did not object to the seven prior convictions listed on his presentence investigation (PSI) report, nor did he object to the classification of his criminal history as H. The district court sentenced Jackson on one count of rape, an off-grid felony pursuant to K.S.A. 21-3502 (Torrence 2007), and one count of aggravated criminal sodomy, an off-grid felony pursuant to K.S.A. 21-3506 (Torrence 2007). As to the first off-grid felony, the district court sentenced Jackson to 166 months in prison. As to the second off-grid felony, the district court sentenced Jackson to 144 months in prison. The original journal entry reflected two counts of rape, rather than the one count of rape, and one count of aggravated criminal sodomy to which Jackson pled guilty. A nunc pro tunc journal entry was filed a couple months later to correct the error.

## REMAND AND RESENTENCING

Jackson appealed his sentences, and our Supreme Court vacated his sentences and remanded for resentencing because the district court failed to articulate on the record the substantial and compelling reasons for the downward durational departure. *State v. Jackson*, 297 Kan. 110, 113-14, 116, 298 P.3d 344 (2013). On remand, Jackson was resentenced in December 2013 to the same 310 months, but the district court listed several reasons for its departure to the grid and its further downward departure from the presumptive term in the grid box for severity level 1 offenses with a criminal history score of H. As in the original sentencing, Jackson did not object to his criminal history

2

score of H or to the inclusion of seven prior convictions from Illinois on his PSI report. Jackson did not appeal his sentence.

Jackson filed a pro se motion to correct an illegal sentence on July 28, 2023. He claimed that because the original journal entry in 2010 reflected two counts of rape, rather than one count of rape and one count of aggravated criminal sodomy, the district court lost the authority to sentence him for the aggravated criminal sodomy. But, as the district court noted in its denial of Jackson's motion, any complaint he had with his 2010 sentence was moot since it was vacated by the Supreme Court in *Jackson*, 297 Kan. at 116, and Jackson was resentenced in 2013.

Jackson now appeals.

JACKSON'S SENTENCE IS NOT ILLEGAL

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

"An illegal sentence under K.S.A. 22-3504 is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in the character or the term of authorized punishment; or (3) is ambiguous with respect to the time and manner in which it is to be served." *State v. Buford*, 307 Kan. 73, 74, 405 P.3d 1194 (2017).

"Under the Revised Kansas Sentencing Guidelines Act, the district court bases presumptive sentences for most felonies on the severity level of the crime being sentenced and the defendant's criminal history score. Therefore, calculating an accurate criminal history score is imperative to determining the correct presumptive sentence." *State v. Whitaker*, No. 124,704, 2023 WL 7405107, at *3 (Kan. App. 2023) (unpublished opinion), *rev. denied* 319 Kan. ___ (August 23, 2024). Further, "[t]he district court must

count all prior convictions in determining a defendant's criminal history score unless the convictions constitute an element of the present crime, enhance the severity level, or elevate the classification from a misdemeanor to felony." *State v. Shipley*, 62 Kan. App. 2d 272, 277, 510 P.3d 1194 (2022); see K.S.A. 21-6810(d)(10). All valid prior convictions are included. K.S.A. 21-6810(a).

Jackson is not actually challenging his sentence, but his conviction for aggravated criminal sodomy. He claims the district court could not sentence him at all on aggravated criminal sodomy since that count was "dismissed." In actuality, the district court accepted Jackson's pleas of guilty to count I, rape, and count III, aggravated criminal sodomy, and dismissed counts II and IV. The sentencing court pronounced from the bench sentences as to the two counts Jackson pled guilty to, one count of rape and one count of aggravated criminal sodomy. Kansas appellate courts lack jurisdiction to review convictions from pleas of guilty or nolo contendere unless a defendant first moves to withdraw his or her plea and the trial court denies the motion. *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020).

Next, Jackson claims that his criminal history score of H was incorrect because "the State used three Class C misdemeanor traffic tickets to calculate [his] criminal history score to elevate [it] from I to H." Jackson is incorrect. All out-of-state convictions are used to classify an offender's criminal history. K.S.A. 21-6811(e)(1). K.S.A. 21-6811(e)(2)(B) states:

> "If a crime is a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as a class A, B or C misdemeanor."

The classification statute in effect on the date the defendant committed his current crime of conviction governs for criminal history purposes. *State v. Murdock*, 309 Kan. 585, 586, 439 P.3d 307 (2019). Jackson's current crimes were committed between June 1, 2009, and August 31, 2009. Because the relevant statutes for rape and aggravated criminal sodomy (K.S.A. 21-3502 [Torrence 2007] and K.S.A. 21-3506 [Torrence 2007]) were unchanged during that time, we refer to the 2009 supplements for convenience.

Jackson was previously convicted in Illinois three times for driving while suspended. The comparable Kansas offense, K.S.A. 2009 Supp. 8-262(a)(1), classifies the first conviction for driving while suspended as a class B nonperson misdemeanor and classifies second and third convictions of driving while suspended as class A nonperson misdemeanors. Jackson was also convicted in Illinois six times for driving with no insurance. The comparable Kansas offense, K.S.A. 2009 Supp. 40-3104(g), classifies a violation of driving without insurance as a class B misdemeanor, unless it is a second, third, fourth, fifth, or sixth conviction within three years of a prior conviction; then it is classified as a class A misdemeanor. None of these offenses were classified as class C misdemeanors. Thus, the PSI report accurately reflected Jackson's misdemeanors, and his criminal history score of H was correct.

Finally, Jackson alleges that the 2009 offense of aggravated criminal sodomy was a severity level 2 or 3, not the severity level 1 to which he was sentenced. Again, Jackson is incorrect. K.S.A. 21-3506(c) (Torrence 2007) classifies aggravated criminal sodomy as either an off-grid person felony or a severity level 1 person felony.

Because Jackson has failed to show that his sentence was imposed by a court without jurisdiction, does not conform to the statutory provision, or is ambiguous with respect to the time and manner in which it is to be served, his sentence is not illegal. See *Buford*, 307 Kan. at 74.

Affirmed.