MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 115,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MIGUEL ANGEL GONZALEZ,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Original opinion filed December 8, 2017; modified opinion filed January 10, 2018. Affirmed in part, sentence vacated, and case remanded with directions.

*Jodi Litfin*, assistant solicitor general, *Kathleen Neff*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellee.

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

---

[1]**REPORTER'S NOTE:** Opinion No. 115,941 was modified by the Court of Appeals on January 10, 2018, in response to defendant's motion for modification. The modified language is incorporated into this opinion.

PER CURIAM: Miguel Angel Gonzalez was convicted by a jury of aggravated criminal sodomy of a child under 14 years of age, an off-grid felony. The crime involved him molesting the daughter of his girlfriend.

Under Jessica's Law, Gonzalez faced a presumptive sentence of life imprisonment with no possibility of parole for 25 years. See K.S.A. 2016 Supp. 21-5504(b); K.S.A. 2016 Supp. 21-6627. Gonzalez moved for a durational departure to the sentencing grid for his offense. The district court granted Gonzalez' motion and sentenced him to 203 months' imprisonment, followed by lifetime postrelease supervision.

The State appeals the district court's decision to grant Gonzalez a departure sentence. Gonzalez cross-appeals from his conviction and sentence.

The child did not report this incident to her mother until about two years after it occurred. When she disclosed what had happened, she was interviewed by the police in January 2014. By that time, Gonzalez was residing in Texas. Gonzalez was located in Texas and interviewed by a Department of Homeland Security agent. Gonzalez initially denied any wrongdoing. But about 15 minutes into the interview, he admitted that he once touched the child inappropriately in the child's bedroom while he was helping her with her homework. He said he touched her on her buttocks, placed his hand inside her underwear, and penetrated her anus with his finger. Gonzalez said that he stopped when he realized what he was doing was wrong.

In July 2014, Gonzalez was charged with aggravated criminal sodomy and an alternative charge of aggravated indecent liberties with a child for conduct occurring on or about December 15, 2012. Gonzalez agreed to waive his right to a preliminary hearing. In exchange, the State agreed to keep its proposed plea agreement open until "somewhere close to pretrial." Gonzalez entered his not guilty plea at his arraignment in September 2015 and asked that the matter be set for a jury trial.

2

On January 19, 2016, Gonzalez filed a notice of alibi defense under K.S.A. 22-3218(1). The notice listed four witnesses who would testify that Gonzalez was in Texas on December 15, 2012, the date the State alleged in the information that the crime was committed.

On February 1, 2016, the State filed an amended information for the same charges, but with December 15, 2011, being identified as the approximate date when the crime occurred, exactly one year prior to the date alleged in the State's original pleading. The original date for the alleged crime was based on the report of an interview of the victim by Sergeant Michael Robbins of the Dodge City Police Department. The victim told the officer that Gonzalez' inappropriate contact with her occurred in December, about two years prior to the interview. She also stated that the incident occurred when she was in the third grade, and she was in the fifth grade at the time of the interview. Robbins erroneously calculated the date of the crime as being December 15, 2012, in his report which went to the prosecutor and was the basis for the original charges. This was exactly one year later than the victim had reported.

On February 3, 2016, Gonzalez filed a motion to dismiss, alleging that the change of dates prejudiced him by undermining his alibi defense and requiring him to determine a new theory of defense prior to trial. In the event his request for the dismissal of charges was rejected, Gonzalez asked the court to conduct a preliminary hearing based on the new date of the alleged crime.

In response to Gonzalez' motion, the State asserted that K.S.A. 22-3201(e) allows the court to amend a complaint at any time before the verdict "if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

3

On February 17, 2016, the morning of trial, the district court denied Gonzalez' request for a preliminary hearing. The court considered Gonzalez' motion to dismiss and ultimately denied it.

The trial testimony included that of Sergeant Michael Robbins regarding the interview of the child and his error in calculating the date when the crime occurred, which led to the incorrect statement of the date of the alleged crime in the State's original pleading.

At the close of the State's evidence, Gonzalez moved for a judgment of acquittal or dismissal of the case based on the insufficiency of the evidence. Gonzalez alleged that no physical evidence of the act was presented. The district court denied the motion. Gonzalez did not renew his pretrial motion for dismissal based on a claim of prejudice caused by the State's amended information.

The jury found Gonzalez guilty of off-grid aggravated criminal sodomy. Because the State charged aggravated indecent liberties in the alternative, the jury did not reach a verdict on that charge.

After the jury found Gonzalez guilty, he moved for a judgment of acquittal notwithstanding the verdict on the grounds of insufficient evidence. Again, Gonzalez did not renew the allegation that he was prejudiced by the State's amended information. The court denied Gonzalez' motion.

Gonzalez moved for a downward durational departure based on the following claimed mitigating factors:

"1. While still denying this occurrence, at the time of the commission of this aggravated criminal sodomy, Mr. Gonzalez had no prior felony conviction and only a misdemeanor offense prior to this current conviction.

"2. That the degree of harm is considerably less for this conviction. While the law does not differentiate as in other offenses such as aggravated battery, the conviction was a one-time incident and a touching of a 'private part' with a finger rather than another body part.

"3. That [Mr. Gonzalez] has family and a child to support.

"4. That [Mr. Gonzalez] has a number of family members. Those family members can help to serve his reformative interests.

"5. That [Mr. Gonzalez] is relatively young at 36 years of age and would have a number of years in which to rehabilitate and reform. If he is incarcerated for a minimum of 25 years the sentence becomes in essence a life sentence for this offense and does not seem to be a fair and appropriate sentence."

Gonzalez' departure motion also noted that he had turned down a plea offer that would have resulted in a five-year prison sentence.

At sentencing, Gonzalez did not present any evidence about the harm generally caused to children who have been sodomized or of the harm caused to this particular child. But he asserted that the degree of harm caused to the child in this case "is considerably less" for this conviction. Defense counsel argued that off-grid sex crimes are not structured with varying levels of severity, such as the crime of aggravated battery under K.S.A. 2016 Supp. 21-5413(b).

Gonzalez gave a statement on his own behalf to support the mitigation of his sentence. He asked for a second chance, explaining that he wanted to be there for his young daughters and his elderly grandparents. He also presented the testimony of two family members to show that he had the support of family. The State opposed the departure.

The district court granted Gonzalez a departure to the sentencing grid without identifying a mitigating circumstance specific to Gonzalez. Instead, the district court appears to have relied solely on the fact that the statutory scheme of Jessica's Law made no distinction between differing levels of severity. The district court did not mention any other mitigating factors in granting a departure to the sentencing grid.

After granting the departure motion, the district court sentenced Gonzalez to 203 months, the aggravated sentence for a severity level 1 felony with the defendant's criminal history score of G. In addition, the court imposed lifetime postrelease supervision. The State's appeal and Gonzalez' cross-appeal followed.

*State's Appeal*

The State argues the district court erred in granting Gonzalez' motion for a sentencing departure from Jessica's Law.

*Jurisdiction*

As a preliminary matter, we must consider whether we have jurisdiction to consider the State's appeal. Gonzalez claims we lack jurisdiction for two reasons:  (1) the State failed to elect a statute authorizing an appeal from the sentence; and (2) no statutory provision authorizes the State to appeal the district court's decision to depart from an off-grid sentence to a presumptive Kansas Sentencing Guidelines Act (KSGA) sentence.

Here, the State gave "notice of its appeal of the Sentencing order issued by [the] district court."

Whether jurisdiction exists is a question of law over which our review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). When a statute is

6

plain and unambiguous, we will not speculate about the legislative intent behind its clear language, nor will we read something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *Smith*, 304 Kan. at 919. The State's statutory authority to appeal in a criminal case is limited by statute. An appellate court has jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes. *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010). The State may elect from the limited jurisdictional bases in its appeal. *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086, *rev. denied* 302 Kan. 1017 (2015). But the State cannot expand its elected statutory basis for the appeal, nor can we sua sponte select the jurisdictional basis for the State's appeal. *State v. LaPointe*, 305 Kan. 938, 954, 390 P.3d 7 (2017).

Gonzalez relies on *State v. Berreth*, 294 Kan. 98, 273 P.3d 752 (2012), for the proposition that the State must make a specific statutory election on appeal. His reliance on *Berreth* is misplaced. In *Berreth*, the State appealed from the district court's ruling that the defendant's aggravated kidnapping conviction was multiplicitous with the aggravated criminal sodomy convictions. The State filed its notice of appeal and its docketing statement and described its appeal as a question reserved under K.S.A. 22-3602(b)(3). 294 Kan. at 100. Generally, the State's successful appeal on a question reserved does not affect the defendant in the underlying case, and the appellate court's decision operates only prospectively. 294 Kan. at 113. But throughout this case's long and complicated procedural history, the State maintained its position that the district court should reinstate the defendant's original sentence. 294 Kan. 100-09. Our Supreme Court granted a petition for review, first addressing whether the State was limited by its decision to proceed on appeal under a question reserved. 294 Kan. at 110. The court noted that the State's statutory election affected the remedy available, and in *Berreth*, the State's election of

7

proceeding under a question reserved did not allow for the court to reinstate the defendant's original sentence. The court noted that the State had never made an effort to amend or change its elected statutory basis for appellate jurisdiction. The court held that, under the circumstances, "the State was unable to expand its elected, and repeatedly asserted, statutory basis for jurisdiction" on appeal. 294 Kan. at 115-16.

In this case, the State did not restrict its appeal to a question reserved. Gonzalez complains that the State failed to elect a statutory basis for appeal, but in both the docketing statement and in the notice of appeal, the State made clear that it was appealing from the sentence imposed. Gonzalez points to a typographical error in the State's docketing statement in support of his position that the State failed to elect a statutory basis for appeal. In the docketing statement, the State indicated that K.S.A. 22-3601(a)(1) provided a statutory basis for its appeal, but that subsection does not exist. Our Supreme Court has previously found that a typographical error in a notice of appeal does not present a jurisdictional obstacle. See *State v. Laurel*, 299 Kan. 668, 675, 325 P.3d 1154 (2014). We see no reason why this rule would not be extended to a mistake in a docketing statement. Despite the typographical error, the State clearly indicated that it was appealing the sentenced imposed. We do not see how Gonzalez could have been misled or prejudiced by the error. We reject Gonzalez' argument that the court lacks jurisdiction based on his assertion that the State failed to make a statutory election.

Next, Gonzalez claims this court lacks jurisdiction because the court is prohibited from reviewing an appeal from a presumptive sentence. K.S.A. 2016 Supp. 21-6820(c)(1).

The KSGA, K.S.A. 2016 Supp. 21-6801 et seq., governs when a party may appeal from a sentence. The KSGA provides that departure sentences are "subject to appeal by the defendant or the state." K.S.A. 2016 Supp. 21-6820(a). A departure is defined as "a

8

sentence which is inconsistent with the presumptive sentence for an offender." K.S.A. 2016 Supp. 21-6803(f).

Gonzalez claims that he received a presumptive sentence. The KSGA provides that appellate courts shall not review "[a]ny sentence that is within the presumptive sentence for the crime." K.S.A. 2016 Supp. 21-6820(c)(1). A presumptive sentence is "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history." K.S.A. 2016 Supp. 21-6803(q).

Here, the presumptive sentence for Gonzalez' crime under Jessica's Law, K.S.A. 2016 Supp. 21-6627(a)(1)(D), is a term of imprisonment for life, with a mandatory minimum term of not less than 25 years. But under K.S.A. 2016 Supp. 21-6627(d) the sentencing court has discretion to make a downward departure from this mandatory minimum term of imprisonment upon a finding of substantial and compelling reasons to depart. The district court *departed* from Jessica's Law to the KSGA sentencing grid. Gonzalez' sentence was not the presumptive sentence for his crime. See *State v. Ballard*, 289 Kan. 1000, 1006, 218 P.3d 432 (2009). K.S.A. 2016 Supp. 21-6820(a) specifically provides:  "A departure sentence is subject to appeal by the defendant or the State." We have jurisdiction over the State's appeal.

*Gonzalez' Departure Sentence*

The State argues the district court abused its sentencing discretion because it did not base its decision to depart on mitigating circumstances presented by Gonzalez.

Gonzalez moved for a departure sentence under K.S.A. 2016 Supp. 21-6627(d)(1) based on the following claimed mitigating circumstances: (1) the degree of harm to the child was considerably less; (2) the statutory sentencing scheme for child sex offenses

9

does not allow for differing levels of severity; (3) Gonzalez has children of his own who need his care; (4) the mandatory minimum sentence of 25 years places Gonzalez near retirement age at parole; and (5) Gonzalez has the support of family members. To the extent that these claimed mitigating factors go beyond the statutory mitigating factors found in K.S.A. 2016 Supp. 21-6627, they are subject to greater scrutiny than those enumerated in the statute. *State v. Murphy*, 270 Kan. 804, 807, 19 P.3d 80 (2001).

In granting Gonzalez' motion, the district court did not specifically mention any of the factors relied on by Gonzalez except for the court's belief that the statutory sentencing scheme for child sex offenses does not allow for differing levels of severity. The court stated:

> "I've had too many opportunities to review this statute. And, each time I am still surprised that there are people who are not aware of the severity of the punishment that arises from this crime. And, people who are charged with it are then surprised at the severity of the punishment.
>
> "The legislature has decided what the punishment should be for these crimes involving children.
>
> "The one fact that troubles me—and, I have contacted legislators about it, and I intend to do so again. The troubling fact is that there is no distinction for the punishment between a touching and a forceful rape. And, I think there should be.
>
> "I do not excuse what happened. What happened is a crime, and it's defined in the statute.
>
> "But, on the other hand, [Gonzalez] would be punished the same if he had forcefully taken this child, beat her, taken her clothes off, and sexually raped her. There would be no distinction in the law. And, there should be.
>
> "Once again, not excusing what he did, because it's inexcusable. But, it is distinguished from the kind of harm that would be the most extreme application of the law and facts, and receive the same punishment. It seems unjust.
>
> "There was, in this case, evidence of digital penetration of sodomy. And, that, in effect, constitutes the crime that was the subject of conviction. So, I don't excuse it. Nobody does.

10

> "I am, however, going to find the distinction of the facts from the most severe crime that could have been convicted—that he could have been convicted of as justifying a compelling reason for departure to the guidelines, under the history Category G of [an] aggravated sentence, 203 months. It is still 17 years.
>
> "Understand, Mr. Gonzalez, that when I order a departure, that the State has a right to appeal the sentence.
>
> "I want the Court of Appeals to consider the fact that there are people who believe it is unjust to punish all varieties of crimes under this statute the same.
>
> "I am ordering that that departure sentence be the sentence to be served under the guidelines."

The only other factor possibly mentioned by the court is that the degree of harm was considerably less, but this can only be inferred by the district court's comments that Gonzalez would be punished the same "if he had forcefully taken this child, beat her, taken her clothes off, and sexually raped her."

Under K.S.A. 2016 Supp. 21-6627(a)(1)(D) and (d), the sentencing court must impose life imprisonment with a mandatory minimum sentence of 25 years on a first-time offender over the age of 18 who commits the crime of aggravated criminal sodomy unless the district court finds "substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." The statute lists six nonexclusive mitigating factors for departure. K.S.A. 2016 Supp. 21-6627(d)(2). "Substantial" means something real, not imagined; something with substance, not ephemeral. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go beyond what is ordinary. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015).

We review the sentencing court's decision on Gonzalez' departure motion for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). Judicial discretion is abused when no reasonable person would take the view adopted by the trial court or when the trial court's action is based on an error of law or an error of fact. *State*

11

*v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Thus, an abuse of discretion occurs if the trial court's discretion is guided by an erroneous legal conclusion or goes outside the framework of, or fails to consider, proper statutory limitations or legal standards. See *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015).

Under Jessica's Law, the sentencing court must weigh the claimed mitigating factors to determine whether they collectively justify a more lenient sentence. The proper statutory method when considering a departure from a Jessica's Law sentence is for the district court to review first the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence. Finally, if substantial and compelling reasons are found for a departure to a sentence within the appropriate sentencing guidelines, the district court must state on the record those substantial and compelling reasons. 301 Kan. at 324 (clarifying two-step process for considering a departure from Jessica's Law). See *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016) (reversing sentencing decision when appellate court was not "wholly confident" that the statutory principles outlined in *Jolly* were followed).

K.S.A. 2016 Supp. 21-6601 provides overall standards for applying our statutory sentencing requirements, including the hard 25 sentence for crimes such as Gonzalez':

"K.S.A. 2016 Supp. 21-6601 through 21-6629, and amendments thereto, shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their *individual characteristics, circumstances, needs and potentialities* as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs

of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law." (Emphasis added.)

Our sentencing statutes for certain very serious crimes, such as capital murder under K.S.A. 2016 Supp. 21-6622, specifically provide for consideration of mitigating circumstances under K.S.A. 2016 Supp. 21-6625. The nonexclusive list of those circumstances relate to the character of the defendant and circumstances under which the crime was committed, such as (1) the defendant's lack of a significant criminal history, (2) the defendant's extreme mental or emotional disturbance at the time the crime was committed, (3) the participation or consent of the victim, (4) the defendant playing a relatively minor role in the crime as an accomplice, (5) the defendant acting under extreme distress or under the substantial domination of another, (6) the impairment of the defendant's capacity to appreciate the criminality of the conduct or to conform his or her conduct to the requirements of law, (7) the defendant's age, and (8) the defendant suffering at the time of the crime from posttraumatic stress syndrome caused by the victim's violence or abuse. K.S.A. 2016 Supp. 21-6625.

Similarly, the nonexclusive mitigating factors to be considered in sentencing Gonzalez for this sex crime are (1) his criminal history, (2) whether the crime was committed while he was under the influence of extreme mental or emotional disturbance, (3) whether his victim was an accomplice in the crime committed by another person and Gonzalez' participation was relatively minor, (4) whether Gonzalez acted under extreme distress or under the substantial domination of another person, (5) whether Gonzalez' capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, and (6) his age at the time of the crime. K.S.A. 2016 Supp. 21-6627.

While these factors are not exclusive, we fail to find any instance in which the sentencing court properly departed based not upon the character of the defendant and the

13

circumstances of the defendant's crime but on the sentencing court's dissatisfaction with the manner in which the Legislature defined the crime and fashioned a sentence for its commission. To the contrary, in *State v. Heath*, 21 Kan. App. 2d 410, 901 P.2d 29 (1995), we considered the district court's departure sentence based, in part, on its dissatisfaction with our sentencing guidelines. This court stated:

> "[A] trial court's belief the sentencing guidelines have incorrectly classified a crime is not a substantial and compelling reason to justify a departure sentence. A trial court cannot determine on its own accord what it considers the proper severity level for a crime. Such an action would violate the separation of powers doctrine.
>
> "'The legislature has the exclusive role of providing for the punishment of convicted criminals. *State v. Reed*, 248 Kan. 792, 811 P.2d 1163 (1991). It follows that the legislature has the power to enact legislation reducing the punishment of convicted criminals or granting leniency to them. The legislative power to punish convicted criminals is controlled only [by] the Constitutions of the United States and of the State of Kansas.' [Citation omitted.]
>
> "'The power to prescribe the penalty to be imposed for the commission of a crime rests exclusively with the legislature, not the courts.' *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985)." *Heath*, 21 Kan. App. 2d at 418.

In *State v. Haney*, 34 Kan. App. 2d 232, 116 P.3d 747 (2005), several young men were charged with the statutory rape of an intoxicated 13-year-old victim. One of the defendants, age 17, was offered a plea agreement and was tried as a juvenile. Haney, age 18, was tried as an adult and convicted. Haney moved for a departure sentence. The sentencing court granted a departure sentence that included probation, finding that Haney's conduct was less culpable than that of the juvenile codefendant and, therefore, Haney should not receive a sentence greater than that of his codefendant under the juvenile code. On the State's appeal, the court stated:

14

"Because the legislature has not deemed appropriate the consideration of adults as juveniles for purposes of prosecution and sentencing, the sentencing court's attempt to circumvent the legislature's policy decisions by so regarding the adult codefendants' offenses is inappropriate." 34 Kan. App. 2d at 239-40 (citing *Heath*, 21 Kan. App. 2d at 418).

Here, the district court failed to follow the procedure set out in *Jolly*. It appears the district court based its decision on its personal opinion that Jessica's Law should contain different levels of severity for the crime of conviction rather than on the mitigating factors that specifically pertained to Gonzalez. The district court acknowledged that the facts presented at trial fit the crime of conviction, but the court suggests that Gonzalez could have committed a more heinous crime and received the same punishment under Jessica's Law.

With respect to Gonzalez' first claimed mitigating factor, that the degree of harm to the child-victim was considerably less than some other hypothetical victim, Gonzalez argued but did not present any evidence at his sentencing hearing to support this claim.

With respect to the sentencing court's oblique reference to the severity of harm to the victim as a possible mitigating factor, we find guidance in the analysis of a similar argument raised in *Haney* and *State v. Minor*, 268 Kan. 292, 997 P.2d 648 (2000). In *Haney* the court stated:

"The sentencing court made no finding about the emotional and psychological trauma to the victim caused by Haney's actions. Instead, the sentencing court found that statutory rape may encompass a wide range of trauma and harm. In *Minor*, the State appealed a downward sentencing departure in which the district court had relied, in part, upon the supposed lack of harm or loss to the victim of aggravated criminal sodomy as a mitigating factor. Our Supreme Court held it was improper to depart from a presumptive sentence on this basis when the record was silent about what harm constitutes the typical

15

harm or loss for this particular type of offense and there was no showing how the facts in the case made the harm less significant that in the normal case. [Citation omitted.]

"The reasoning in *Minor* controls this case as well. There is nothing within the record, other than the sentencing court's conclusory comments, to indicate the harm suffered by this particular victim was less significant than the harm normally associated with statutory rape. As in *Minor*, we disapprove the sentencing court's use of this departure factor." 34 Kan. App. 2d at 243.

When a district court grants a Jessica's Law departure without stating substantial and compelling reasons for departure on the record, the sentence is illegal. See *State v. Jackson*, 297 Kan. 110, 113-15, 298 P.3d 344 (2013). Here, the district court did not follow the departure procedure as set forth in K.S.A. 2016 Supp. 21-6627(d) and as clarified in *Jolly*. A district court judge's personal disagreement with the presumptive sentence under Jessica's Law, however well-founded, is not a substantial and compelling reason for departure. Under these circumstances, the district court abused its discretion in granting Gonzalez a durational departure from a Jessica's Law sentence. Accordingly, we must vacate Gonzalez' sentence and remand for resentencing consistent with the edicts of *Jolly*.

*Gonzalez' Cross-Appeal*

*Refusal to Hold a Preliminary Hearing*

In his cross-appeal, Gonzalez argues that the district court erred by refusing to hold a preliminary hearing after the State was permitted to amend the information. We review the denial of a request to hold a previously waived preliminary hearing for any abuse of discretion. *State v. McCollum*, 209 Kan. 498, 501, 426 P.2d 1381 (1972); *State v. Gamble*, 44 Kan. App. 2d 357, 369, 236 P.3d 541 (2010). A judicial action constitutes an abuse of discretion if no reasonable person would take the view adopted by the trial court, or the action is based on an error of law or fact. *Marshall*, 303 Kan. at 445.

16

Gonzalez was initially charged with aggravated criminal sodomy for an incident occurring on December 15, 2012. The State was permitted to amend the information to assert the same charges but with a date of December 15, 2011, after it realized the date it relied on was not accurate. No new charges were alleged in the amended information. The only change made was a change of the year of the occurrence from 2012 to 2011. Both dates fell within the statute of limitations for the charges.

Gonzalez filed a motion to dismiss, asserting that he had an alibi for December 15, 2012, but not the crimes charged in the amended information. He also noted that the State's amended information with the new date contradicted the date identified in law enforcement's affidavit of probable cause. For these reasons, Gonzalez requested dismissal of the State's charges; or, in the alternative, a preliminary hearing on the State's amended information.

The district court heard arguments on Gonzalez' motion to dismiss just prior to trial. Defense counsel noted that his defense strategy changed when the State filed its amended information. Counsel asserted this was prejudicial to Gonzalez' defense because "we don't get a chance to test [the date of the amended offenses] with any of the witnesses with any sort of hearing and it's just at trial on a one-shot basis."

In response, the State explained that it realized it had alleged the incorrect date in its initial information after it received Gonzalez' notice of alibi. As noted earlier, the State initially alleged an incorrect date because law enforcement accidentally reported the wrong date in the affidavit of probable cause. The State asserted that because the date is not an indispensable ingredient of the child sex offense in this case, as the victim would have been under the age of 14 on either date of occurrence, its amended information caused Gonzalez no prejudice. The district court denied the motion for a preliminary hearing and deferred ruling on Gonzalez' request to dismiss the charges because the State proffered that the *Jackson v. Denno* hearing evidence would indicate that Gonzalez had

17

committed the offenses on the date alleged in its amended information. See *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). After the *Jackson v. Denno* evidence was presented, the district court ruled:

> "I am finding that the Motion to Dismiss should not be granted. I am denying that motion, again, for the earlier reasons:  The date of the offense being changed, the State has the discretion and the right to amend that information up to the time of instructing a jury, and the statement of the victim that she was in fifth grade and not third would not be sufficient to cause a dismissal of the case. That can be a subject of cross-examination."

K.S.A. 22-3201(b) states:  "The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense." In *State v. Nunn*, 244 Kan. 207, Syl. ¶ 19, 768 P.2d 268 (1989), the court declared:  "Time is not an indispensable ingredient of the offenses of indecent liberties with a child or aggravated criminal sodomy."

K.S.A. 22-3201(e) permits the district court to allow the amendment of an information "at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

Preliminary hearings serve two primary purposes. First, they ensure that probable cause warrants the continuation of criminal proceedings. Second, they inform an accused as to the nature of the State's charged crimes and the type of evidence that he or she will need to combat at trial. *State v. Ramsey*, 228 Kan. 127, 132, 612 P.2d 603 (1980).

Gonzalez claims that in denying a preliminary hearing the district court abused its discretion for three reasons:  (1) the court predicated its ruling on a legal misunderstanding that the State had not changed the nature of the charges; (2) the court's ruling was based on the misapprehension that Gonzalez had already had a preliminary

18

hearing; and (3) because the State's initial charging document caused Gonzalez to waive his preliminary hearing, it was unreasonable for the district court to deny Gonzalez a preliminary hearing on the State's amended charges.

With respect to Gonzalez' claim that the State fundamentally changed the nature of its charges, he acknowledges that the State is allowed to allege approximate time frames in prosecutions for sex offenses committed against children. See *State v. Rojas-Marceleno*, 295 Kan. 525, Syl. ¶ 6, 285 P.3d 361 (2012). But Gonzalez cites *State v. Murr*, No. 98,231, 2009 WL 596514 (Kan. App. 2009) (unpublished opinion), for the proposition that if the State alleges a particular date in an information, then it is required to prove that the offense was committed on that particular date.

*Murr* is easily distinguished because the issue was a challenge to the sufficiency of the evidence, not a challenge to the State's amendment of charges. In *Murr*, the defendant was alleged to have manufactured methamphetamine on or about a specific date. But the evidence introduced at trial showed that the manufacture occurred two weeks before the date alleged in the complaint. In reversing Murr's conviction, the court noted that the State was not required to allege an exact date in an information, but because the State chose to allege a specific date and the evidence at trial missed the mark by two weeks, the evidence was insufficient to support a conviction. 2009 WL 596514, at *6.

Here, the State was allowed to amend the complaint several weeks before trial, amending the specific date of the crimes by one year. The information shows the charges were the same. The only change was the date.

With respect to Gonzalez' claim that the district court mistakenly thought Gonzalez already had a preliminary hearing, it is true that the court forgot that Gonzalez had waived his initial preliminary hearing. But this does not change the fact that the date is the only fact that changed from the initial information. The allegations were the same.

19

Gonzalez unequivocally waived his right to a preliminary hearing on the initial charges. The change in the date of the offense was no surprise to Gonzalez. The error was apparent, and Gonzalez could anticipate that the State would realize the error and correct it. Gonzalez knew when the crime was committed. There was only one incident of abuse, not a series over an extended period of time. Gonzalez had access to the statement given by the victim, who would testify at trial as to the correct date. When confronted by the police, Gonzalez confessed to the crime. When the State amended the information, Gonzalez did not seek a continuance of the trial. There is no showing of prejudice as to his understanding of the charges against him and his ability to prepare a defense. The fact that Gonzalez was unable to present alibi testimony regarding a date he knew was wrong does not warrant relief.

Finally, Gonzalez claims the denial of a preliminary hearing on the State's amended charges denied him the opportunity to (1) impeach trial testimony with prior preliminary hearing testimony; (2) understand the strengths and weaknesses of the State's case prior to trial; and (3) determine whether it was in his best interest to accept a plea offer.

When Gonzalez appeared before the district court in July 2015, he voluntarily waived his right to a preliminary hearing. The district court addressed Gonzalez personally and informed him that he had a right to a preliminary hearing and ensured that he understood the rights that he was giving up. The court explained, "If you waive or give up your right to a preliminary hearing in this case today, you will not have one today or any day." Gonzalez clearly chose to forego the preliminary hearing in exchange for the State's offer that it would hold the plea bargain open. See K.S.A. 2016 Supp. 22-2902(4). At oral argument before us Gonzalez' counsel acknowledged that Gonzalez makes no claim that he was denied the opportunity to accept the State's plea offer after the information was amended. Gonzalez had an understanding of the charges against him from previous proceedings and through the discovery provided to him. He had the

20

victim's statement to the police with which to cross-examine her at trial. Based upon these facts, we find no prejudice in the district court's decision not to continue the trial in order to hold a preliminary hearing.

*Denial of Gonzalez' Motion to Dismiss*

Gonzalez argues that the district court erred in refusing to dismiss the State's amended information. We apply the abuse of discretion standard in reviewing this claim. *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006).

K.S.A. 22-3201(e) states: "The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." See *State v. Ransom*, 288 Kan. 697, 715-16, 207 P.3d 208 (2009).

To be found guilty of aggravated criminal sodomy, the State was required to prove that on December 15, 2011, in Ford County, Gonzalez, who was more than 18 years of age at the time, knowingly engaged in sodomy with the victim who was less than 14 years of age at the time. See K.S.A. 2011 Supp. 21-5504(b)(1).

Notwithstanding the State's change in the date of the offense, Gonzalez was charged with the same crime before and after the amendment. The amendment was necessary to correct a mathematical error by the officer who participated in the interview of the victim. The date of the event is not an essential element of the crime. See *Nunn*, 244 Kan. 207, Syl. ¶ 19. The evidence did not change after the amendment. The victim did not testify at trial to an event different from the one she reported to the authorities. Gonzales confessed to the crime described by his victim. He did not seek a continuance of the trial based on the information contained in the amended information. Gonzalez

21

fails to demonstrate that the district court abused its discretion in denying his motion to dismiss.

*Lifetime Postrelease Supervision*

Gonzalez' final claim is that his sentence of lifetime postrelease supervision is illegal. He claims that K.S.A. 2016 Supp. 22-3717(d)(1)(D) establishes the appropriate postrelease term for defendants convicted of sexually violent crimes, and his postrelease sentence should have been 36 months. As part of this argument, Gonzalez asserts that K.S.A. 22-3717 was amended in 2013 and the amended statute is retroactive and applies to his pending case.

This claim raises issues of law over which we have unlimited review. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016); *Collins*, 303 Kan. at 473-74. Further, we have unlimited review over whether a sentence is illegal. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

An illegal sentence under K.S.A. 22-3504(1) is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the applicable statutory provision, either in character or term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). An illegal sentence can be corrected at any time. *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014).

Gonzalez argues that because of the 2013 amendments to K.S.A. 22-3717, there is a conflict between K.S.A. 2016 Supp. 22-3717(d)(1)(D) and K.S.A. 2016 Supp. 22-3716(d)(1)(G) as to which subsection applies to his case. Thus, under the rule of lenity, his postrelease supervision term should be 36 months under K.S.A. 2016 Supp. 22-3717(d)(1)(D) rather than lifetime under K.S.A. 2016 Supp. 22-3716(d)(1)(G).

Our court's decision in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *rev. denied* July 25, 2017, addresses the interplay between K.S.A. 2015 Supp. 22-3717(d)(1)(D) and K.S.A. 2015 Supp. 22-3717(d)(1)(G). The *Herrmann* court found no conflict between these provisions of K.S.A. 2015 Supp. 22-3717 and held that the provisions of K.S.A. 2015 Supp. 22-3717(d)(1)(G) clearly control over sexually violent crimes committed on or after July 1, 2006. 53 Kan. App. 2d at 152-54. Thus, no persons convicted of a sexually violent crime would be subject to the provisions of both subsections (D) and (G) of the statute, as asserted by Gonzalez.

The *Herrmann* court further held that the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 2015 Supp. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime after July 1, 2006, must receive lifetime postrelease supervision. 53 Kan. App. 2d 147, Syl. ¶ 4.

Other panels of this court have followed the *Herrmann* court's reasoning. See, e.g., *State v. Jimenez*, No. 115,967, 2017 WL 4456791, at *5 (Kan. App. 2017) (unpublished opinion); *State v. Cash,* No. 116,560, 2017 WL 2494798, at *3-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 10, 2017; *State v. Wilson*, No. 116,381, 2017 WL 2212171, at *3-4, *rev. denied* October 25, 2017; *State v. Hamilton*, No. 116,457, 2017 WL 2901145, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* August 3, 2017; *State v. Darnell*, No. 116,329, 2017 WL 2834649, at *4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 14, 2017; *State v. Metzger*, No. 115,056, 2017 WL 2838268, at *3-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 31, 2017; *State v. Dackin*, No. 115,687, 2017 WL 2403349, at *3 (Kan. App. 2017) (unpublished opinion), *rev. denied* October 13, 2017.

Gonzalez claims *Herrmann* was wrongly decided. But we adhere to the analysis in *Herrmann*, which applies to the facts of this case. Based on his 2011 crime of aggravated criminal sodomy, Gonzalez was required to be sentenced to lifetime postrelease

23

supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(G). The 2013 statutory amendments do not alter that conclusion.

Affirmed in part, sentence vacated based on the district court's failure to adhere to the sentencing protocol in *Jolly*, and remanded for resentencing.